UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

FREIDA JOHNSON                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 4:19-CV-P23-JHM

JUDGE NICK BURLEW *et al.*                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Freida Johnson's *pro se* complaint (DN 1) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee in the Daviess County Detention Center (DCDC), filed this action pursuant to 42 U.S.C. § 1983. As Defendants, Plaintiff names Daviess County District Court Judge Nick Burlew in his official capacity and Daviess County District Court Judge David Payne and Daviess County Circuit Court Judge Jay Wethington in their individual capacities.

In the complaint, Plaintiff alleges that she is being held at DCDC on second-degree assault charges against her fiancé, but she argues self-defense because he outweighs her by 125 pounds. She claims, "The charges will not hold in a trial but I'm being held anyway. Police have exaggerated both police statements. Never took statement from me. I facing indictment they are threatening me with prison." She contends that her fiancé "is not pursuing charges – Commonwealth is." She indicates that Defendant Judge Payne's "bail was 100,000.00 (or) let me be released to [fiancé] (victim) and go back home with victim."

Plaintiff alleges, "We had another altercation a month or so later and the police made him give a statement stating I stabbed him with a 8 in blade no weapon found [Defendant Judge] Burlew set bail at 15,000.00 and pushed for me to be indicted to the grand jury." She claims that she cannot afford bail as she is not employed "so why am I not allowed a conditional release or unsecured bond until my court dates."

Plaintiff asserts that she also "went in front of [Defendant Judge] Wethington and was given a 20,000.00 bail and he was the Commonwealth Attorney in 2006 on a murder case reguarding my son's death and walked the suspect [] on charges of 'wreckless homicide' lessor charge. Conflict of intrest in any proceeding."

As relief, Plaintiff seeks monetary and punitive damages, relief for "pain and suffering," and an injunction releasing her on an unsecured bond.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

With respect to Defendant Judge Burlew, Plaintiff sues him in only his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendant Judge Burlew is an employee of the Commonwealth of Kentucky, the claims brought against him in his official capacity are deemed to be claims against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from a state judge in his official capacities, he fails to allege a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Judge Burlew in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169; *see also Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Accordingly, the claims against Defendant Judge Burlew will be dismissed.

As to Defendants Judges Payne and Wethington, Plaintiff sues them in their individual capacities only. Absolute judicial immunity bars those claims for damages. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.") (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Plaintiff alleges that each judge was involved in setting bail in criminal proceedings against her and fails to allege that either judge acted in absence of jurisdiction. Accordingly, the claims against Defendants Judges Payne and Wethington will be dismissed for seeking damages from Defendants immune from such relief.

Finally, Plaintiff seeks release on an unsecured bond. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one

4

of the few rights, along with the right to be free of double jeopardy, whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus [pursuant to 28 U.S.C. § 2241].") (citations omitted). Because Plaintiff is seeking immediate release from detention, a § 1983 claim for such relief cannot lie and will be dismissed.

For the foregoing reasons, the action will be dismissed by separate Order.

Date: July 23, 2019

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4414.005